# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE DEL LEE GASPELIN, | CASE NO.   1:10-cv-00578-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 2) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On July 30, 2009, Plaintiff Andre Del Lee Gaspelin, a former state prisoner proceeding pro se and in forma pauperis, filed a civil claim in the Superior Court of the State of California, County of Fresno.  (ECF No. 2, Ex. A.)  Defendants removed the matter to this Court on the grounds that the claims arose under 42 U.S.C. § 1983.  (ECF No. 2.)  Before removal, Plaintiff submitted a First Amended Complaint.  (Id., Ex. E); see Fed. R. Civ. P. 15(a).  Plaintiff's First Amended Complaint (id.) is now before the Court for screening.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

///

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff identifies the following individuals as Defendants in this action: (1) James A. Yates, Warden, Pleasant Valley State Prison ("PVSP"); (2) Dr. F. Igbinoza, Chief Medical Officer, PVSP; and (3) twenty John Does.

Plaintiff alleges the following:

In December 2005, Plaintiff, a type I diabetic, fell ill and was taken to a hospital where he was told that he had pneumonia and Valley Fever, a potentially fatal disease endemic to PVSP.  Plaintiff was given fluids intravenously and his blood sugar was controlled.  (Compl. at 6.)  He was placed on a medication regimen when returned to PVSP.  On January 16, 2009, Plaintiff again tested positive for Valley Fever and again his blood sugar was poorly controlled.  Plaintiff asked several times to be transferred to a facility not endemic to Valley Fever, but each request was denied.  (Id.)

The Defendants had actual notice of the dangerous conditions at PVSP with regard

1  to Valley Fever exposure as numerous staff members and inmates had become infected.

2  Nevertheless, the Defendants took no action to transfer Plaintiff or otherwise mitigate the

3  risk.  (Id. at 7.)  The Defendants also knew or should have known that as a Southern

4  Californian, Plaintiff was particularly vulnerable to Valley Fever.

5         Plaintiff alleges the Defendants' conduct described above violated his Eighth

6  Amendment rights; Title 15, California Code of Regulations, §§ 3350-3354; California Civil

7  Code § 846; and California Government Code § 830.

8  **IV.   ANALYSIS**

9         To state a claim under Section 1983, a plaintiff must allege two essential elements:

10  (1) that a right secured by the Constitution or laws of the United States was violated and

11  (2) that the alleged violation was committed by a person acting under the color of state law.

12  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

13  1245 (9th Cir. 1987).

14         A complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

16  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

17  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

18  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

19  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

20  face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

21  committed misconduct and, while factual allegations are accepted as true, legal

22  conclusions are not.  Id. at 1949-50.

23        **A.   Section 1983 Linkage Requirement**

24         Under § 1983, Plaintiff must demonstrate that each defendant personally

25  participated in the deprivation of his rights.  Simmons v. Navajo County, Ariz., 609 F.3d

26  1011, 1020-21 (9th Cir. 2010); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This

27  requires the presentation of factual allegations sufficient to state a plausible claim for relief.

28  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

1   2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.

2   Id.

3         The statute clearly requires that there be an actual connection or link between the

4   actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.

5   See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials

6   may not be held liable for the actions of their subordinates under a theory of respondeat

7   superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under

8   a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing

9   that the official has violated the Constitution through his own individual actions.  Id. at

10  1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each

11  named defendant with some affirmative act or omission that demonstrates a violation of

12  Plaintiff's federal rights.

13        Plaintiff's allegations refer to the Defendants generally without factual allegations

14  attributing a specific act or failure to act to Warden Yates, Dr. Igbinoza, or any of the John

15  Does.   In order to state a claim, Plaintiff must allege facts that demonstrate that the

16  individual defendant personally participated in the alleged violations.  Jones, 297 F.3d at

17  934.  Supervisors may be held liable only if they "participated in or directed the violations,

18  or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040,

19  1045 (9th Cir. 1989); accord  Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011);

20  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County

21  School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126

22  F.3d 1189, 1204 (9th Cir. 1997).

23      **B.**    **John Does**

24        "John Doe" defendant liability must be properly alleged.  A plaintiff may use "Doe"

25  designations to refer to defendants whose names are unknown; however, he must number

26  them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each

27  defendant, e.g., "Emergency Room Nurse John Doe," so that every John Doe refers to a

28  different specific person.  Plaintiff also must identify how each such named defendant,

1  including those named as Doe, is liable for a constitutional violation.  Dempsey v.
2  Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009
3  WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

4       Plaintiff names twenty John Does as Defendants without distinguishing between
5  them or explaining how any of them participated in the alleged constitutional violations.
6  The Court cannot determine whether a cognizable claim has been stated against any of
7  the John Does until Plaintiff distinguishes them individually and connects each to the
8  conduct complained of.

9       The Court shall grant Plaintiff leave to amend.  In his amended complaint, Plaintiff
10 shall either name the defendants involved or list the number of Doe defendants involved.
11 If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts
12 attributed to each of these Doe defendants, such as "John Doe 1 did X" and "John Doe 2
13 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

14      **C.    Eighth Amendment**

15      "The Eighth Amendment's prohibition against cruel and unusual punishment
16 protects prisoners not only from inhumane methods of punishment but also from inhumane
17 conditions of confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
18 "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must
19 not involve the wanton and unnecessary infliction of pain.'"  Id. (quoting Rhodes v.
20 Chapman, 452 U.S. 337, 347 (1981)).  "What is necessary to show sufficient harm for
21 purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue
22 . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "[E]xtreme deprivations are required to
23 make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9. With respect
24 to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal
25 offenders pay for their offenses against society, only those deprivations denying the
26 minimal civilized measure of life's necessities are sufficiently grave to form the basis of an
27 Eighth Amendment violation."  Id. (quotations and citations omitted).

28      Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

1  prison officials may be held liable only if they acted with "'deliberate indifference' to a
2  substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).
3  The deliberate indifference standard involves an objective and a subjective prong.  First,
4  the alleged deprivation must be, in objective terms, "'sufficiently serious' . . . ." Farmer v.
5  Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).
6  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate
7  health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable
8  under the Eighth Amendment for denying humane conditions of confinement only if he
9  knows that inmates face a substantial risk of harm and disregards that risk by failing to take
10  reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by
11  presenting evidence that they lacked knowledge of the risk, or by presenting evidence of
12  a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence
13  on the part of the prison official is not sufficient to establish liability, but rather, the official's
14  conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

15      Plaintiff has not alleged a substantial risk of serious harm.  The courts of this district
16  have found that claims based solely on Valley Fever exposure and contraction fail to satisfy
17  the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently
18  serious. Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v.
19  Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)).   However, an
20  increased risk of infection may rise to a serious medical need and satisfy the first prong of
21  the Eighth Amendment analysis. See Hunter v. Yates, 2009 WL 233791, *3 (E.D. Cal. Jan.
22  30, 2009) (Allegations that Plaintiff was subjected to an increased risk of infection sufficient
23  to state a cognizable claim.)

24      Plaintiff alleges no facts that would enable the Court to determine if the  Defendants
25  had any duty to warn Plaintiff or offer prophylactic steps to prevent Valley Fever.  Should
26  he choose to amend his Complaint, Plaintiff must supply truthful, non-speculative, facts
27  indicating that the Defendants had, and deliberately disregarded, a duty to act.
28  ///

1

### D.   State Law Claims

Plaintiff alleges California state law causes of action based on violations of Title 15, California Code of Regulations, §§ 3350-3354; California Civil Code § 846; and California Government Code § 830.  The Court does not reach the viability of Plaintiff's state law claims at this time because the Court will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

If Plaintiff chooses to pursue his state law claims in his amended complaint, he must demonstrate compliance with the California Tort Claims Act.  Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.  The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."  City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974).  Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement.  State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004).  Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of Plaintiff's state law claims.  Id.

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state

1   a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555

2   (2007)).    Plaintiff must also demonstrate that each named Defendant personally

3   participated in a deprivation of his rights. Jones, 297 F.3d at 934.

4          Plaintiff should note that although he has been given the opportunity to amend, it

5   is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.

6   2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing

7   the deficiencies set forth above.

8          Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

9   be complete in itself without reference to any prior pleading.   As a general rule, an

10  amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

11  57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

12  serves any function in the case. Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14  The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

15  refer to the appropriate case number, and be an original signed under penalty of perjury.

16  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as

17  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

18  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

19         Accordingly, it is HEREBY ORDERED that:

20         1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

21  and (2) a copy of his First Amended Complaint, filed March 9, 2010[1];

22         2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim

23  upon which relief may be granted;

24         3.     Plaintiff shall file an amended complaint within thirty (30) days; and

25         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

26  /////

27

28     [1] Plaintiff's First Amended Complaint, filed March 9, 2010, is attached as Exhibit E to Defendants'
    Notice of Removal. See ECF No. 2, Ex. E.

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: ___March 28, 2012___          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE