UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE DEL LEE GASPELIN, | CASE NO. 1:10-cv-00578-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 9) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

## **SCREENING ORDER**

I. **PROCEDURAL HISTORY**

On July 30, 2009, Plaintiff Andre Del Lee Gaspelin, a former state prisoner proceeding pro se, filed a civil claim in the Superior Court of the State of California, County of Fresno. (ECF No. 2, Ex. A.) Defendants removed the matter to this Court on the grounds that the claims arose under 42 U.S.C. § 1983. (ECF No. 2.) The parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 5, 11.)

Before removal, Plaintiff submitted his First Amended Complaint. (ECF No. 2, Ex. E); see Fed. R. Civ. P. 15(a). On March 28, 2012, Plaintiff's First Amended Complaint

(ECF No. 2, Ex. E) was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 8.) Plaintiff's Second Amended Complaint (ECF No. 9) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff identifies Warden James A. Yates, Pleasant Valley State Prison (PVSP) and Dr. F. Igbinoza as Defendants in this action and alleges the following:

"James A. Yates knowingly accepted me into Pleasant Valley State Prison and exposed me to Valley Fever. Dr. F. Igbinoza would not get me transferred from the epidemic area leaving me exposed to Valley Fever." (Compl. at 3.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and

1  (2) that the alleged violation was committed by a person acting under the color of state law.
2  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,
3  1245 (9th Cir. 1987).
4        A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
6  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
7  mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
8  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set
9  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
10 face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant
11 committed misconduct and, while factual allegations are accepted as true, legal
12 conclusions are not.  Id. at 1949-50.
13       **B.**    **Eighth Amendment**
14       Plaintiff alleges that Defendant Yates knowingly exposed Plaintiff to Valley Fever
15 by allowing him to enter PVSP, an area endemic for the disease.  Defendant Igbinosa is
16 alleged to have violated Plaintiff's federal rights by failing to transfer Plaintiff out of PVSP,
17 thereby continuing Plaintiff's exposure to Valley Fever. (Compl. at 3.)  Plaintiff advanced
18 the same claim, albeit in greater detail, in the First Amended Complaint. (ECF No. 2, Ex.
19 E.)  The Court will analyze Plaintiff's allegations as claiming a violation of his Eighth
20 Amendment rights based on the instant pleading's consistency with the allegations of the
21 First Amended Complaint.
22       The Eighth Amendment protects prisoners from inhumane methods of punishment
23 and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041,
24 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of
25 confinement claim, and only those deprivations denying the minimal civilized measure of
26 life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.
27 Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to
28 state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient

to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations do not state a cognizable Eighth Amendment claim. As the Court stated in its previous screening order, claims based on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious. "'[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)).

Plaintiff's claims that Defendants Yates and Igbinoza are liable because they did not act to mitigate the likelihood of infection does not state an actionable claim. Defendants are not alleged to be responsible for the prevalence of Valley Fever at PVSP. Exposure to the disease at PVSP is not, in and of itself, an excessive risk to inmate health; Defendants had no duty to take steps to reduce the risk. Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendants Yates and Igbinoza. The Court previously provided Plaintiff with the applicable legal standard and gave him an opportunity to amend to assert a claim which met that standard. Plaintiff has been unable to do so. No useful purpose would be served in once

again setting out the standard and giving leave to amend. Plaintiff is unable to state a claim. Accordingly, Plaintiff's claims against Defendant Yates and Igbinoza are dismissed with prejudice.

## V.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:    April 25, 2012               /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE